**UNITED STATES of America,
Plaintiff-Appellant,**

**v.**

**Stanley Zig KINSMAN,
Defendant-Appellee.**

**No. 76–1657.**

United States Court of Appeals,
Ninth Circuit.

Aug. 17, 1976.

Theodore Wai Wu, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellant.

Carl E. Stewart (argued), Newport Beach, Cal., for defendant-appellee.

### OPINION

Before BARNES, HUFSTEDLER and GOODWIN, Circuit Judges.

BARNES, Senior Circuit Judge:

The issue presented on this appeal is whether the district court erred in granting the defendant's motion to suppress his post-arrest confession on the ground that he was denied his constitutional right to consult with an attorney of his own choice during custodial interrogation.

The relevant facts follow. Kinsman was arrested for possession of unregistered machine guns and silencers. Immediately after his arrest, he was advised of his *Miranda* rights. At that time, Kinsman testified at trial that he "requested [the interrogator] to call an attorney," R.T. 80. The agents denied any such request was made. R.T. 17.

After Kinsman was brought into the Santa Ana Bureau of Alcohol, Tobacco and Firearms Office, he was again advised of his *Miranda* rights. According to Kinsman, he thereupon again requested an attorney. R.T. 82. Ultimately, Kinsman requested to call Mr. Monroe, an attorney. Because the agents believed that Monroe was possibly an illegal conduit of messages between the defendant and his co-defendants, who were not yet apprehended, they refused to abide by Kinsman's request. Finally, after being refused to see Monroe, Kinsman confessed.

In granting the motion to suppress the confession, the district judge stated:

"[A] suspect has the right to consult with retained counsel of his own choice; and perhaps he can be denied this right by some overriding governmental interest or by certain exigent circumstances; but I don't believe that those circumstances, or that overriding interest, appears in this case. And if such interest did exist, it could under the circumstances of this case have been preserved by not interrogating the defendant, just letting him sit there on ice and wait out the plan that was set up for Mrs. Flannery [an alleged accomplice]. So I am going to rule that the defendant was denied his constitutional right to consult with counsel of his own choice, and grant the motion on that basis."

R.T. 105.

On appeal, the government argues that while *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), guarantees an accused to have the assistance of counsel, that decision does not entitle him to have counsel of his own choice. For authority, the government cites the following language from *Miranda:* "[The accused] has the right to the presence of an attorney, and that if he cannot afford *an* attorney *one* will be appointed for him prior to any questioning if he so desires." *Id.* at 479, 86 S.Ct. at 1630 (emphasis added). However, the *Miranda* Court also said: "If the individual states that he wants an attorney, the *interrogation must cease until an attorney is present. Id.* at 474, 86 S.Ct. at 1628 (emphasis added).

Thus, it is unclear whether *Miranda* stands for the principle that an accused has the right to a particular attorney. On this subject, the district judge stated: "If the suspect was to call an attorney of his own choosing, an attorney that he would privately retain, I think he has a right to call that particular attorney. If he is indigent and he looks, then, to the Government to provide counsel for him, I don't think under those circumstances he can ask for a particular attorney." R.T. 96.

 We hold that this Court need not confront this problem. The key principle is that once a defendant asks for the presence of counsel, the questioning must stop. Even if there were justifiable circumstances to refuse Kinsman's request to see Mon-

roe, the government could have stopped all questioning and secured the presence of another attorney. This the government failed to do. *United States v. Womack,* 542 F.2d 1047, 1050 (9th Cir. 1976).

 Next, the government argues that even assuming that the defendant here was deprived of his right to counsel, the confession nevertheless should be admitted. For authority, the government relies upon *Michigan v. Tucker,* 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974), where the Court stated:

> "The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which was deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused. Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force."

*Id.* at 447, 94 S.Ct. at 2365. But in *Tucker,* unlike here, "the police asked respondent if he wanted counsel, and he answered that he did not." *Id.* Thus, the government's culpability here is based at least on negligence if not an intentional act.

Finally, the government argues that Kinsman voluntarily and knowingly waived his *Miranda* rights before confessing. Kinsman argues that the government pressured him into confession by making certain promises to him, *e. g.,* that they were not really after him or his friend Mrs. Flannery but the other accomplices; that the officers wouldn't release him until he confessed. The officers deny such pressure.

On the question of waiver, the trial judge made no explicit finding, but implicitly found no waiver had occurred by granting defendant's motion. The resolution of this question of fact is binding upon this court, unless clearly erroneous. We hold that it was not. *United States v. Womack,* 542 F.2d at 1051.

As we interpret the plain language of *Miranda,* the words "the interrogation must cease," if the individual in custody asks for an attorney,[1] means exactly what it says. Any other interpretation must await a decision by the Supreme Court.

AFFIRMED.

---

1. The double interrogation as to two separate crimes, as exemplified in *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), does not here exist. Further, Mosley never asked for an attorney. *Id.* p. 101, n. 7, 96 S.Ct. 321.