**Richmond**

ERNEST LEE PACK, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 1123-85

Decided June 7, 1988

Counsel

John Flowers Mack (Zwerling, Mark, Ginsberg and Lieberman, on brief), for appellant.

Donald R. Curry, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**HODGES, J.** — Ernest Lee Pack, Jr., was indicted on the charge of possession of cocaine with the intent to distribute. He filed a motion to suppress the evidence seized from the warrantless search of his overnight bag, alleging that the search was illegal because the focus of the search was on his luggage, and, therefore, the police were required to obtain a warrant. After a hearing on the matter, the trial court overruled the motion. The court also denied the defendant's motion to reconsider his motion to suppress in light of the Supreme Court's intervening decision in *Castleberry v. Oklahoma*,[1] 471 U.S. 146 (1985) (4-4 decision upholding lower court's reversal on the ground that search of suitcases in a car was not justified incident to an arrest when defendants were restrained at the time and there was no danger of them procuring a weapon or destroying evidence). In a bench trial, Pack was convicted of possession of cocaine with intent to distribute. The defendant received a five year sentence and a one dollar fine.

In this appeal, Pack contends that the warrantless search of his overnight bag was illegal and that the trial court erred by not suppressing the evidence derived from the search.[2] We disagree and affirm his conviction.

On January 28, 1984, the Arlington County police arrested Pack for conspiracy to distribute cocaine.[3] After searching Pack's person, the police searched his overnight bag, which was located on the rear floorboard of the car in which he was a passenger. They found the cocaine in the bag.

---

[1] We agree with the Commonwealth that appellant's reliance on *Castleberry* is misplaced since an equally divided vote to affirm the lower court's decision has no precedential value.

[2] Pack does not challenge the legality of his arrest or the search of his person. He concedes that there was sufficient probable cause to justify his arrest on both the conspiracy and drug possession charges. The defendant further concedes that he would not have standing to challenge the legality of a search of Williams' automobile.

[3] The conspiracy charge arose out of prior transactions with the informant, Williams, and one other person. The defendant was never indicted and tried on this charge.

The police were acting upon information provided by Robert Williams, who was arrested three days earlier in Arlington County for possession of cocaine. Williams identified Pack as his supplier and agreed to assist the police in obtaining additional cocaine from him. As a result of several phone conversations,[4] which Williams initiated with Pack in North Carolina, Pack agreed to deliver a quarter pound of cocaine to Williams, who agreed to meet him at National Airport on January 28. After discussing airport security, Pack informed Williams that he would not need to pick up any luggage because he would have the cocaine with him.

Immediately prior to Pack's arrival, the police searched Williams and his vehicle. He was also kept under surveillance both before and after Pack's arrival. Pack arrived at the scheduled time carrying an overnight bag which was slightly larger than a briefcase. He placed the bag on the floorboard behind the front passenger seat of Williams' vehicle and got into the front seat. As Williams drove away, he gave the prearranged signal that Pack had the drugs.

The Arlington County police, who were without jurisdiction at National Airport, followed the vehicle until it entered Arlington County, at which time they stopped it. Pack was immediately placed under arrest for conspiracy to distribute cocaine. The police performed a sham arrest of Williams to protect his status as an informant. Both were handcuffed and searched, but no contraband was found. The police then searched the partially locked overnight bag after obtaining the key from Pack and found cocaine.

Pack contends that the warrantless search of his bag was neither a valid search incident to an arrest nor a valid search under the automobile exception. Without addressing the automobile exception, we hold that it was a valid search incident to an arrest.

Based on *New York v. Belton*, 453 U.S. 454 (1981), we hold that the search of Pack's overnight bag was a valid search incident to an arrest. In *Belton*, the Court authorized the search of the passenger compartment of an automobile and any containers found therein when the police have made a lawful custodial

[4] The police monitored and taped the phone conversations.

arrest of the occupant of the automobile. The Court stated:

> [W]e hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
>
> It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.

*Id.* at 460-61 (citations omitted).

In the present case, Pack was arrested for conspiracy to distribute cocaine. At the time of the arrest, he was a passenger in the automobile driven by Williams. The police searched Pack first, and then his overnight bag, which was located within the passenger compartment of the vehicle. Based on *Albert v. Commonwealth*, 2 Va. App. 734, 347 S.E.2d 534 (1986), we reject Pack's argument that *Belton* does not apply. Pack argues that there was a lack of necessity for the search of the overnight bag since he was removed from the vehicle, handcuffed, and the luggage was locked. He claims that the luggage was in the exclusive control of the police at the time of the search. Relying on *United States v. Silva*, 745 F.2d 840 (4th Cir. 1984), *cert. denied*, 470 U.S. 1031 (1985), this court in *Albert* upheld a search of defendant's briefcase incident to an arrest even though at the time of the search the defendant was being held at gunpoint by three police officers. Furthermore, the *Belton* court rejected this "exclusive control" theory, holding that "under this fallacious theory no search or seizure incident to a lawful custodial arrest would ever be valid . . . [if] by seizing an article even on the arrestee's person, an officer may be said to have reduced that article to his 'exclusive control.'" *Belton*, 453 U.S. at 461-62 n.5.

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Benton, J., and Moon, J., concurred.