## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

 v.

Larry William Bryant

July 21, 1989

Case Nos. 89-71 through 89-86, 89-182, and 89-212

### By JUDGE ROBERT K. WOLTZ

The issue presented is the suppression of evidence based on the defendant's claim that two warrant searches and one warrantless search were invalid. The first warrant was for search and seizure of certain bedclothing and the nightclothes of the alleged victim of certain sexual offenses charged against the defendant. The second warrant was for a sample of blood and for pubic hair from the body of the defendant. The warrantless search relates to recovery of a sawed-off-shotgun from the defendant's motor vehicle. Suppression of the evidence is denied except as to the hair.

The first search warrant for the bedclothing and nightclothes was for the purpose of trying to obtain semen stains on them. The attack against the warrant is based on the claim of staleness. After detailed review and consideration of the information contained in the affidavit for this warrant the court applies the "deferential standard of review" to the actions of the magistrate in issuing the warrant, *Massachusetts v. Upton*, 466 U.S. 727 (1984), and *William v. Commonwealth*, 4 Va. App. 53 (1987), and concludes probable cause was established for issuance of this warrant.

As to the second warrant the Commonwealth admits that there is no basis for its issuance respecting the pubic hair and to that extent the suppression motion is sustained. As to the blood sample the interrelation of all the factual matter alleged in the supporting affidavit support probable cause. Defendant's attack centers on the fact that the magistrate was not told a previous sample had been voluntarily supplied by the defendant a matter of months earlier (based on counsel's representation at the hearing); that DNA testing as a scientific procedure has not been approved by any appellate court in Virginia; and that a second intrusion into the defendant's body to obtain the blood was unwarranted.

There was no legal necessity that the magistrate be informed of the first blood sample taken, and in any event it might well have been taken for some specific purpose different from the second sample. As to the DNA argument, it is one more related to admissibility and weight at the time of trial rather than on hearing as to validity of a search warrant. In addition, though no appellate court here has passed on the scientific reliability of DNA testing, many trial courts have approved it, and this court and others of this circuit have ordered such tests to be made. The consensus among trial courts of Virginia seems to be that this testing is acceptable for forensic purposes. Finally, the defendant's argument has a strong *per se* due process bent. In the court's view under certain factual circumstances repeated intrusions into a person's body to obtain blood samples would at some point become an unwarranted invasion of due process rights. That point has not been reached in this case for there was a long lapse of time between samplings, this was only the second sample taken and based on the affidavit and the representations made to the court valid justification for this second sample appears.

The defendant maintains that the warrantless search of the motor vehicle was invalid because assuming it was contemporaneous with an arrest, the arrest itself for driving under the influence was invalid. One of the group of officers in the area by inference saw the defendant bring his car from the highway into his driveway. The officer who actually performed the arrest was aware that the defendant and his car were not previously on the

property but upon being alerted by the first mentioned officer he was aware of the defendant being alone in his car in his driveway. The inescapable conclusion is that the defendant had just driven there. In addition, when the defendant finally was persuaded to get out of the car and before his arrest this officer observed him with a beer can in his hand and physical indicia of intoxication, at which time he did place him under arrest for driving under the influence.

The court concludes that this was valid arrest and that the search of the car which disclosed the sawed-off shotgun was contemporaneous with and an incident to that arrest. *New York v. Belton*, 453 U.S. 454, 69 L. Ed. 2d 768 (1981); *Pack v. Commonwealth*, 6 Va. App. 434 (1988).

Furthermore, under the "automobile exception" the officers had probable cause to make the search without a warrant. On information of the defendant's wife that he had a sawed-off shotgun which he kept either at the home or in his car, the officers had made a consensual search of the home without finding this weapon but finding evidence that it was alternatively likely in the defendant's car. Consequently, when he appeared in the car there was sufficient probable cause for the officer to make the search under the automobile exception.

Defendant also argues that he was actually initially arrested when after coming into the driveway he was shortly confronted with a number of officers pointing their weapons directly at him, this constituting a de facto arrest but without probable cause for making it. The officer in charge had reliable information that the defendant was possessed of a sawed-off shotgun, that he had previously pointed it at his wife and had threatened to use it against another police officer. For their own safety if nothing else the officers were justified in training their weapons on the defendant and at that time substantially interfering with his freedom of movement. If that constituted an arrest, there was probable cause for it and the search of the automobile would be sufficiently contemporaneous with the arrest to be valid.

Related to the last point is one not mentioned by counsel. By Code § 18.2-300(B) possession of a sawed-off shotgun is made a felony. By § 19.2-81 law officers "may arrest, without a warrant, any person who commits any

crime in the presence of the officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence." On the basis of the knowledge of the police officers in this case probable caused existed for the defendant's arrest without a warrant under either of these alternatives.

Motion for suppression, except as to the pubic hair, is consequently denied.