## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Linda Marie Faith

September 22, 1992

Case No. (Criminal) 76251

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on the motion of defendant, Linda Marie Faith, to suppress evidence. After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the motion is denied.

The events giving rise to this prosecution are given in the defendant's motion to suppress and in the Commonwealth's brief in opposition. On or about June 2, 1992, an officer of the Fairfax County Police Department stopped a vehicle owned by the defendant because of a cracked windshield. Defendant was a passenger in the car at the time; the driver was a Mr. Cox. The officer discovered that Mr. Cox had at least one felony warrant outstanding on him and placed him under arrest. The officer then returned to defendant's vehicle to investigate objects he had seen Mr. Cox put under the passenger side front seat where defendant was sitting. The officer asked defendant what was under the front seat, and she answered that there was nothing. Upon searching the car, the officer found two pipes containing cocaine residue beneath the front seat. The officer then arrested the defendant, removed her from the car, and searched the car completely. This search included the contents of the defendant's purse which was in the automobile.

The Court has before it a motion to suppress the evidence discovered as a result of defendant's arrest, detention, and interrogation. As grounds for this suppression, defendant states that there was no valid reason for the initial stop of the vehicle; defendant characterizes the search as one conducted "pursuant to a trivial pretext that the vehicle

was being operated with defective equipment." Defendant's Motion to Suppress at 3. Defendant further states that the driver of the vehicle was not under "custodial arrest," and that therefore, the search was not a lawful one performed incident to arrest. Finally, defendant denies that there was probable cause to arrest or detain her.

In *New York v. Belton*, 453 U.S. 454 (1981), the United States Supreme Court expressly ruled that a policeman who has made a lawful custodial arrest of the occupant of an automobile may search the automobile's passenger compartment at the time of the arrest. This search may extend to the contents of any containers found in the passenger compartment of the vehicle. *Id.* at 460. Citing the earlier case of *United States v. Robinson*, 414 U.S. 218 (1973), the Court explained the rationale underlying its holding.

> The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based upon probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification.

*Belton* at 461 (citations omitted). The instant case is very different factually from *Belton* and related cases. In *Belton*, all four occupants of the vehicle were arrested before any search was begun. 453 U.S. at 454. In *Robinson*, the sole occupant of a vehicle was arrested and searched. 414 U.S. at 218. *Pack v. Commonwealth*, 6 Va. App. 434 (1988), a recent Virginia appellate case cited by the Commonwealth, also involved the search of an overnight bag belonging to the defendant himself. Nowhere does the case law expressly address the search of a purse or bag belonging to a passenger who has no relation to the arrest of the other occupant. This Court, therefore, declines to rule whether the search of Linda Faith's purse was a lawful search incident to the arrest of Mr. Cox. Such a ruling is unnecessary, since the search of the purse was incident to an arrest of Ms. Faith herself which was based on probable cause. *See Belton*, 453 U.S. 454.

Under *Belton*, the arrest of the driver of the automobile would provide grounds for searching the passenger compartment of the vehicle.

*Id.* That search in turn disclosed evidence amounting to probable cause to arrest defendant. Defendant was not merely a passenger in, but the owner of the vehicle. She lied about the presence of anything under the seat. The pipes and cocaine were discovered beneath her seat. These facts were the basis on which she was arrested. Since they constitute probable cause, the arrest was lawful. The search of her purse which followed was incident to a lawful arrest and therefore valid as well. *See, e.g., Pack,* 6 Va. App. at 434.