COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA

v.      Record No. 0704-95-2          MEMORANDUM OPINION[*] BY
                                      JUDGE ROSEMARIE P. ANNUNZIATA
GARY LEE CHRISTIAN                         SEPTEMBER 19, 1995


              FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                    Paul M. Peatross, Jr., Judge

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellant.

          (Sheila C. Haughey; J. Lloyd Snook, III;
          Snook & Haughey, P.C., on brief), for
          appellee.


     The appellee, Gary Lee Christian, was indicted in the

Circuit Court for the County of Albemarle for breaking and

entering and grand larceny.  The appellee filed a motion to

suppress evidence obtained from the October 29, 1994 search of a

vehicle in which he was a passenger.  After argument, the trial

court granted the appellee's motion, finding that the search

violated his Fourth Amendment rights.

     The Commonwealth appeals the suppression, alleging the

following:  (1) that the trial court erred in granting the motion

to suppress because the appellee failed to establish standing;

(2) that the trial court erred in concluding that the search of

the answering machine was not a valid search incident to arrest;

―――――――――――――――――――

     *Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

and (3) that the trial court erred in finding that the evidence failed to establish the probable cause necessary under the "plain view" exception to the warrant requirement. For the reasons stated below, we reverse and remand this case.

On October 29, 1994, Officer Mike Wagner, of the Albemarle County Police Department, patrolled an area north of Charlottesville. Just after midnight, a green Ford pickup drew Officer Wagner's attention. While stopped at a red traffic light, the truck spun its wheels heavily for approximately ten to fifteen seconds causing a large dust bowl of smoke. Officer Wagner observed the truck proceed through the green light and enter an Amoco station just past the light. Officer Wagner identified the appellee, Gary Lee Christian, as the driver of the truck. Officer Wagner approached Christian with his badge displayed as Christian fueled the truck. Officer Wagner asked Christian if there was a problem with the truck. By this time, Christian had returned to the driver's seat.

Upon inquiring about the truck, Officer Wagner observed both a strong odor of alcohol on Christian and a whiskey container on the front seat of the truck. Christian admitted to drinking and proceeded to exit the truck to perform field sobriety tests. After Christian failed Officer Wagner's field sobriety tests, Officer Wagner arrested him for driving under the influence. Officer Wagner then handcuffed Christian and searched his person incident to the arrest. As a result of the search, Officer

2

Wagner found a ziplock bag of marijuana in Christian's front pocket.  Officer Wagner placed Christian in his patrol car and sought identification of Christian and registration of the truck. Christian provided a false name to Officer Wagner and failed to produce a vehicle registration or proof of ownership.

Meanwhile Officer Barbour arrived on the scene and arrested the truck's only passenger, David Winthrop Paschall, after finding a concealed weapon on the truck's front seat.

While both subjects were handcuffed, Officer Wagner searched both the bed of the truck and a toolbox contained there.  Officer Wagner observed some unboxed office products scattered loosely in the bed of the truck and, upon opening the toolbox, found more office products.  In response to Officer Wagner's inquiry about the office products, Christian stated that his brother in Richmond had given him all of the products except a computer that he had purchased from an unnamed person for fifty dollars.  The alleged purchase price of the computer caused Officer Wagner some concern.  Based on this concern and Christian's statement that the equipment came from his brother, Officer Wagner removed an answering machine from the truck bed and took it into the Amoco to play the greeting on the machine.  Christian's motion to suppress the evidence obtained as a result of Officer Wagner's search of the truck, including the evidence obtained from the answering machine, was granted.

A

Christian first contends that this Court should bar the Commonwealth's claim because it failed to raise the issue of standing at the suppression hearing. The record fails to support Christian's contention. The Commonwealth elicited testimony from Officer Wagner, the hearing's only witness, that Christian could not provide proof of ownership of the truck when asked. The Commonwealth also made clear that it was contesting Christian's standing to challenge the suppression of the office equipment by seeking to elicit testimony at the hearing that the equipment was owned by a church. The Commonwealth also sought to have admitted a stipulation regarding the ownership of the equipment, thought to have been agreed to by Christian's counsel. Finally, at the trial court's direction, the Commonwealth provided the court a legal memorandum in lieu of closing argument, asserting clearly the Commonwealth's contention that Christian failed to establish standing with respect to either the truck or the tape machine. Christian's brief likewise addressed the issue of standing, contending, in effect, that the Commonwealth had the burden to establish that Christian did not have standing and that it failed to put on any such evidence. While the trial court did not rule on the question, it is apparent from both the briefs and the evidence the Commonwealth sought to elicit, that both parties believed that standing was in dispute and before the court.

4

Accordingly, the Commonwealth's appeal is properly before us.

In this appeal by the Commonwealth of the trial court's order suppressing evidence, we view the evidence in the light most favorable to Christian, and we will not reverse the trial judge's decision unless it is plainly wrong. Code § 8.01-680. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

An accused has standing to challenge a search only if he has a legitimate expectation of privacy in the area searched. Hardy v. Commonwealth, 17 Va. App. 677, 680, 440 S.E.2d 434, 436 (1994). With respect to an automobile, an accused has standing to object to a search only if he is the "owner or in lawful possession of it." Id. (citing Josephs v. Commonwealth, 10 Va. App. 87, 92-95, 390 S.E.2d 491, 493-96 (1990)). An accused's ownership or possessory interest determines standing, not his physical relationship to the vehicle as "driver" or "occupant." Indeed, "absent evidence that the driver of a vehicle has lawful and exclusive possession and control thereof the driver has no standing, simply by virtue of his status as [driver], to raise a Fourth Amendment challenge." Delong v. Commonwealth, 234 Va. 357, 363, 362 S.E.2d 669, 672 (1987) (emphasis added) (citing United States v. Manbeck, 744 F.2d 360, 374 (4th Cir. 1984), cert. denied sub nom. O'Hare v. United States, 469 U.S. 1217 (1985) (driver did not have standing when he failed to testify at suppression hearing, ownership of truck was never clearly

5

established, and no other indicia of an expectation of privacy in the truck itself was submitted)); see also Barnes v. Commonwealth, 234 Va. 130, 135, 360 S.E.2d 196, 200 (1987).[1] In Delong, to meet this burden, the defendant established, by stipulation made with the Commonwealth, that the vehicle he was driving was owned by his girlfriend. Delong, 234 Va. at 363, 362 S.E.2d at 672.

The burden of establishing standing to challenge a search rests with the accused. Jones v. United States, 362 U.S. 257 (1960) (one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence must allege, and if the allegation is disputed, establish that he himself was the victim of an invasion of privacy); Josephs v. Commonwealth, 10 Va. App. 91, 390 S.E.2d at 493 (1990); Shearer v. Commonwealth, 9 Va. App. 394, 404, 388 S.E.2d 828, 833 (1990); Williams v. Commonwealth, 4 Va. App. 53, 70, 354 S.E.2d 79, 88 (1987). To meet this burden, the accused must produce evidence to demonstrate a legitimate expectation of privacy in the place or item searched. See Delong, 234 Va. at 363, 362 S.E.2d at 672; Abell v. Commonwealth, 221 Va. 607, 614, 272 S.E.2d 204, 208 (1980). Nothing in the record establishes that Christian was in rightful possession of the truck. Having failed to meet his

---

[1]Barnes denied an accused standing to challenge the search of the apartment he permissibly occupied. The Barnes Court found that the accused's mere presence in the apartment did not confer upon him a legitimate expectation of privacy.

burden on this issue, Christian cannot claim standing to challenge the search of the truck.

Likewise, Christian had the burden of establishing a possessory interest in the answering machine. See Chesson v. Commonwealth, 216 Va. 827, 831, 223 S.E.2d 923, 926 (1976). This he failed to do. The only evidence on the issue was presented by Officer Wagner who testified that Christian claimed to have received the answering machine as a gift from his brother. It is clear under Virginia law that the mere allegation of a possessory interest in the property seized is not enough. Id. It is "incumbent upon the defendant . . . to establish by evidence the truth of his allegation." Id.

B

Even if we assume Christian had standing to challenge the search, the trial court's suppression order must still be reversed. After making a lawful custodial arrest, the police may search the person arrested and the immediately surrounding area without a warrant. New York v. Belton, 453 U.S. 454, 457 (1980); see Pack v. Commonwealth, 6 Va. App. 434, 436, 368 S.E.2d 921, 922 (1988). The proper scope of such a search incident to lawful arrest is "the area within immediate control of the arrestee." Belton, 453 U.S. at 460; Chimel v. California, 395 U.S. 752, 763 (1969). With respect to a car, the Belton Court defined that "area of control" in terms of the car's passenger compartment, "the area into which an arrestee might reach in order to grab a

7

weapon or evidentiary ite[m]."  <u>Belton</u>, 453 U.S. at 460 (quoting <u>Chimel</u>, 395 U.S. at 763).

"Might reach" are the operative words: the arrestee's inability to actually reach anything is irrelevant.  <u>See</u> <u>Pack</u>, 6 Va. App. at 437, 368 S.E.2d at 923; <u>Albert v. Commonwealth</u>, 2 Va. App. 734, 739, 347 S.E.2d 534, 537 (1986); <u>see</u> <u>also</u> <u>Belton</u>, 453 U.S. at 461-62 n.5; 3 W. LaFave, <u>Search and Seizure</u> 15-16 n.73, 74 (2d ed. 1987 and 1995 Supp.) (citations omitted).  Moreover, having control of the items or custody of the arrestee at the time of the search does not preclude the police from performing a search incident to an arrest.  <u>Id.</u>  Thus, the time at which an arrestee "might have reached" an item is not limited to the time of the search.

Applying <u>Belton's</u> principles to this case, the question is not whether the bed of the pickup is part of the "passenger compartment;" but, rather, whether the bed of the pickup was an area into which Christian might have reached.  Before his arrest, Christian was outside the truck when Officer Wagner first approached; he kept the door at least partially opened while talking with Officer Wagner; and he exited the truck to perform sobriety tests.  Thus, the open bed of the truck remained an area into which Christian might have reached during the time he was in contact with Officer Wagner.

A valid search incident to arrest extends throughout the area searched, allowing the police to search thoroughly any

8

containers found there.  <u>Belton</u>, 453 U.S. at 460-61; <u>Pack</u>, 6 Va. App. at 437, 368 S.E.2d at 923; <u>Albert</u>, 2 Va. App. at 739, 347 S.E.2d at 537.  This is so even though such containers "will sometimes be such that they could hold neither a weapon nor evidence of the criminal conduct for which the suspect was arrested."  <u>Belton</u>, 453 U.S. at 461.  Accordingly, the search of the answering machine, and the tape within, was a valid extension of the search incident to Christian's arrest.

For the reasons stated above, this case is reversed and remanded.

<u>Reversed and remanded.</u>

Benton, J., dissenting.

On a Commonwealth's appeal from a ruling suppressing evidence, we must view the evidence adduced at the suppression hearing in the light most favorable to upholding the ruling. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). So viewed, the evidence in this case proved that Christian was the driver of the vehicle and had possession of the vehicle. Absent any evidence to the contrary, that evidence was sufficient to prove that Christian lawfully possessed the truck and had a reasonable expectation of privacy in the vehicle and its contents. No evidence proved that the vehicle was not Christian's or was not lawfully in Christian's control and possession.

A person who lawfully possesses a vehicle, whether that person's or another's, has standing to challenge the search of that vehicle while that person is present in the vehicle. See United States v. Miller, 821 F.2d 546, 548 (11th Cir. 1987); Hardy v. Commonwealth, 17 Va. App. 677, 680, 440 S.E.2d 434, 436 (1994). Moreover, the principle is well established that "[t]he privacy interest that must be established to support standing is an interest in the area searched, not an interest in the items found." United States v. Manbeck, 744 F.2d 360, 374 (4th Cir. 1984). Thus, the trial judge properly reached the merits of the suppression motion because no evidence disputed the right of Christian to be lawfully in possession of the vehicle.

10

Citing United States v. Robinson, 414 U.S. 218 (1973), and New York v. Belton, 453 U.S. 454 (1981), the Commonwealth argues that the police officer's seizure and playing of the tape was a search incident to arrest. I would uphold the trial judge's ruling that it was not.

The evidence proved that Christian was in the passenger portion of the truck when the police officer approached and questioned him. The officer asked him to exit the truck and arrested him. After Christian was arrested and searched, the police officer searched the rear storage bed of the truck and a toolbox. As a result of that search, the officer seized a telephone answering machine. The officer took the answering machine to a nearby building, plugged the machine into an electrical source, and played a tape found in the machine.

In Robinson, the Supreme Court considered the permissible scope of the search of the person of Robinson, the arrestee. 414 U.S. at 223-24. During the search of his person, the officer discovered a "crumpled" cigarette package, opened it, and found heroin. Id. at 223. In deciding whether the package in Robinson's pocket could be searched, the Court stated that "[t]he justification or reason for the authority to search incident to a lawful arrest rests quite as much on the need to disarm the suspect in order to take him into custody as it does on the need to preserve evidence on his person for later use at trial." Id. at 234 (emphasis added). Upon that justification, the Court held

11

"that in the case of a lawful custodial arrest <u>a full search of the person</u> is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." <u>Id.</u> (emphasis added).

The Court in <u>Belton</u> held only that when an occupant of a motor vehicle is being arrested, the police may search the <u>passenger compartment</u> of the vehicle without any specific showing of an individualized apprehension of danger. The Court's ruling carefully and explicitly limited its holding to the <u>passenger compartment</u>. Indeed, the Court stated that the "holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk." 453 U.S. at 460-61 n.4. The Court also declined to broaden the rule to include the entire automobile. <u>Id.</u> at 462-63 n.6.

When Christian was arrested, he was seated in the driver's seat of the passenger cabin of the pickup truck. Unlike the circumstances in <u>Robinson</u>, the police did not in this case seize the tape from Christian's person. As stated in <u>Belton</u>, the rationale that permits the police to search Christian in a search incident to arrest cannot be expanded to encompass a search of the portion of the vehicle not occupied by him. 453 U.S. at 461. Exceptions to the Fourth Amendment are "jealously and carefully drawn." <u>Jones v. United States</u>, 357 U.S. 493, 499 (1958). Nothing in either <u>Belton</u> or <u>Robinson</u> allows the police to conduct a warrantless search of the entire truck under the guise of a

search of an arrestee incident to the arrest.  Furthermore, none of the cases cited by the Commonwealth or the majority sanction the playing of the tape seized from the telephone recording machine without a warrant.  <u>See</u> <u>United States v. Turk</u>, 526 F.2d 654, 665-66 (5th Cir. 1976).

I would uphold the trial judge's ruling that the playing of a tape seized from the answering machine that was in the rear of the truck, physically separated from the passenger cabin, was an unlawful search.  Therefore, I dissent.