COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


ANTHONY EARL MASON

v.         Record No. 2452-94-1         MEMORANDUM OPINION[*] BY
                                        JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                   NOVEMBER 7, 1995


            FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                       John M. Folkes, Judge

            Michael T. Hurd (Dusewicz and Soberick, P.C.,
            on brief), for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General; John H. McLees, Jr., Assistant
            Attorney General, on brief), for appellee.


       Anthony Earl Mason was convicted in a bench trial of

possession of cocaine with intent to distribute and possession of

a firearm while in possession of cocaine.  On appeal, he contends

(1) that the evidence obtained from a second search of the car

should have been suppressed because the police were required to

obtain a search warrant, and (2) that his statement to the police

about the cocaine transactions should have been suppressed

because their questioning violated his right to remain silent.

We find no error and affirm the judgments of the trial court.

       On August 20, 1993, the Gloucester County Sheriff's

Department arrested Mason for possession of a concealed weapon.

After searching the vehicle in which he was a passenger, the

       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

police discovered a film canister containing cocaine.

The police were acting upon information provided to them by a reliable confidential informant, who had told them on three separate occasions that two black males in a gold car, license NNI-173, were staying at the Gloucester Inn Hotel and were selling cocaine.

On August 20, while the police had the Gloucester Inn Hotel under surveillance, a gold car with license number NNI-173 pulled into the lot. Two black men were in the car. The police stopped the car and asked the occupants to step out. The driver complied and told the police that his partner had a gun. Mason, the passenger, resisted getting out of the car. When he finally emerged, the police handcuffed and searched him. Upon finding no gun on his person, the officers searched the car and found a gun between the front seats.

While the driver and Mason were still at the scene, the police searched the car and found a film canister containing cocaine under the front passenger seat, where Mason had been sitting. Mason moved to suppress the cocaine, arguing that because it was not within the officers' plain view, a search warrant was necessary.

On three separate occasions, Officer Jones spoke with Mason. First, Jones read Mason his Miranda rights at the time of his arrest. Mason said nothing at that time. Second, after Mason had been processed into jail and the felony warrants on which he

was arrested had been served on him, Jones asked Mason whether he would cooperate with the Sheriff's Department in exchange for assistance with his charges. Mason replied, "I don't want to talk." The next day as Mason was being released on bond, Jones again advised him of his Miranda rights and had him sign and initial the standard form from which Jones had read the rights. Jones intended to ask Mason about the gun found in the car because the police had new information that it was stolen. Mason told Jones that he had bought the gun from a man in Surry County for $100. Mason then went on to tell Jones about the cocaine sales. Mason's statement was reduced to writing and admitted into evidence at trial over his objection.

Mason first contends that the warrantless search of the car was not valid as a search incident to an arrest. He argues that because he and the driver had been arrested and denied access to the car, the car was no longer mobile and no exigent circumstances existed. We disagree.

The search of the car was incident to a lawful arrest. See Pack v. Commonwealth, 6 Va. App. 434, 368 S.E.2d 921 (1988). Moreover, based on the information he had received from a credible informant and was able to verify by his own observation, Jones had probable cause to search the car for narcotics. See McKoy v. Commonwealth, 212 Va. 224, 183 S.E.2d 153 (1971). The continuing mobility of the vehicle, notwithstanding the arrest of Mason and the driver, justified its search without a warrant.

<u>McCary v. Commonwealth</u>, 228 Va. 219, 228, 321 S.E.2d 637, 641-42 (1984). Under either theory the warrantless search was valid and the cocaine was admissible into evidence.

Relying on <u>Harris v. Commonwealth</u>, 241 Va. 146, 400 S.E.2d 191 (1991), Mason argues that even if the search of the car was lawful, the officers were not authorized, absent a search warrant, to open the film canister. He argues that the mere presence of the canister did not give probable cause that it contained contraband. Mason's reliance on <u>Harris</u> is misplaced. <u>Harris</u> did not involve the general search of a vehicle. Rather, it addressed the right of police to open a film canister found during a frisk of Harris for weapons. The right to search an automobile includes the right to search closed containers found therein. <u>See</u> <u>United States v. Ross</u>, 456 U.S. 798 (1982).

Mason next contends that his statement to Jones regarding the cocaine transactions should have been suppressed because he had previously invoked his right to remain silent. He argues that once a suspect has refused to talk, he may not be requestioned. <u>See</u> <u>United States v. Kinsman</u>, 540 F.2d 1017 (9th Cir. 1970). We disagree with Mason's contention that he invoked his right to remain silent.

The first time Jones sought to interrogate Mason was at the scene of the arrest in the motel parking lot. Jones read Mason his <u>Miranda</u> rights. Mason made no reply. While Mason's silence expressed a disinclination to speak, it was neither an

affirmative assertion of his right to remain silent nor an assertion of his right to counsel. See Eaton v. Commonwealth, 240 Va. 236, 251, 397 S.E.2d 385, 394 (1990), cert. denied, 112 S. Ct. 88 (1991). Jones immediately discontinued the interrogation. The second inquiry posed by Jones to Mason was at the jail. Pursuant to departmental policy, Jones asked Mason whether he would be willing to assist the Sheriff's Department in other investigations in exchange for some concession by the Commonwealth's Attorney as to the charges pending against him. Mason's reply, "I don't want to talk," was not an assertion of his right to remain silent, but was a refusal to give assistance. The statement that was admitted into evidence was given by Mason on a third encounter with Jones, at the jail just prior to Mason's release on bail. Jones had acquired additional information concerning the gun found in Mason's possession and he sought to question Mason about the gun. After Jones had again advised Mason of his Miranda rights, Mason voluntarily gave a statement describing his acquisition of the gun and then, without further prompting, went on to give the statement at issue concerning his involvement in the subject drug charges.

Admissibility of a statement given by an accused upon reinterrogation following an earlier refusal to talk, is governed by five factors.

> First, whether defendant "was carefully advised" before the initial interrogation "that he was under no obligation to answer any questions and could remain silent if he wished."

- 5 -

Second, whether there was an immediate cessation of the initial interrogation, and no attempt to persuade defendant to reconsider his position.

Third, whether the police resumed questioning "only after the passage of a significant period of time."

Fourth, whether Miranda warnings preceded the second question.

Fifth, whether the second interrogation was limited to a crime that had not been the subject of the earlier interrogation.

Weeks v. Commonwealth, 248 Va. 460, 471, 450 S.E.2d 379, 386 (1994) (citations omitted).  See also Michigan v. Mosley, 423 U.S. 96, 104-06 (1975).  The interrogation that produced the statement plainly satisfied the foregoing criteria.  At the initial interrogation attempt, Mason was properly and fully advised of his Miranda rights.  Upon his silence, the effort at interrogation was ended immediately.  A significant passage of time preceded any further effort at interrogation.  At the renewed interrogation, Mason was again given full and proper advice of his Miranda rights.  The second interrogation addressed a different subject, Mason's acquisition of the handgun.  Mason went forward, spontaneously and of his own free will, to give the subject statement concerning his involvement in the drug charges.

The judgments of the trial court are affirmed.

Affirmed.

- 6 -