Judge Carr.
Two points were made by the appellants in this cause: 1st, On the demurrer to the declaration: 2d, On the question of set-off. The writ is to answer W. Nekervis, cashier, endorsee of S. G. Adams, who was endorsee of John *361 Adams,. The declaration counts thus: “ William Nekervis, cashier of the Farmers’ Bank of Virginia, endorsee of Sam’l. G. Adams, who was endorsee of John Adams.” The plaintiff complains of E. Porter, &c. The declaralion then describes the note and its different endorsements, the last of which is thus described: “And the said S. G. Adams, afterwards, to wit, at the said county, by endorsement on said note, transferred the same for value received, to the said plaintiff.” It then states, that the note becoming due, “ the plaintiff, on behalf of the president, directors and company, of the Farmers’ Bank of Virginia, caused notice to be given, payment demanded,” &c. and concludes thus; “by reason whereof, an action hath accrued to the plaintiff, cashier as aforesaid,” &c. The note is a simple promissory note, not negotiable and payable at any Bank; and must, therefore, stand on the general ground of such paper. The demurrer is general, that the declaration and matters therein contained, are not sufficient in law for the said W. Nekervis, as cashier of the Farmers’ Bank of Virginia, to have and maintain his action thereof against the defendant. The sole question is, can W. Nekervis, cashier, &c. maintain the action on the note?
By our Act of Assembly, assignments of all bonds, bills, promissory notes, &c. shall be valid, and the assignee may maintain any action in his own name, which the obligee or payee might have-brought. Who is the assignee of this note ? W. Nekervis, cashier. If the endorsement had been to W. Nekervis, without the addition of cashier, there could be no doubt, I presume, that he would have had the legal right to sue in his own name. Can the addition of cashier, or cashier of the Farmers’ Bank of Virginia, prevent that right from vesting? If so, it must be because it transfers the right to some other person or body; and that other, can only be the Bank. Is this an assignment to the Farmers’ Bank of Virginia? In the argument, it was said, and truly, that corporations were mere legal creations, and could have no name, no existence, no attributes, *362 but those imparted to them by the law. The law creating this Bank, enacts, that it shall be a corporation and body politic, in law and in fact, by the name and style of the president, directors and company, of the Farmers’ Bank of Virginia; and by the name and style aforesaid, are hereby made able and capable in law, to have, purchase, refceive, possess and enjoy, goods, chattels, &c. to sue and be sued, implead and be impleaded, &c. Suppose the president, directors and company of the- Farmers’ Bank, had sued on this note, and described it as asssigned to them; and in support of their action, had produced the note as it is. Would it not have been objected at once, that the note was not properly described, and could not go to the jury.* that the Bank could only take by their corporate style: that an endorsement, to W. Nekervis, cashier, was not an endorsement to the president, directors and company of the Farmers’ Bank? Yes; and it seems to me, that this objection, would have been fatal: that the endorsement to fV. Nekervis, cashier, transferred to the Bank, no legal right to sue in its corporate character. It follows, I think, that the assignment vested in Nekervis himself, the legal right to sue; for that would seem a strange construction, which would allow neither to Nekervis nor the Bank, the right to sue.
It was contended, that the declaration bears on the face of it, that it was brought in right of the Bank, and for their benefit; and that this is a sort of paper, in which, by its charter, the Bank is forbidden to deal; and in which, it can therefore hold neither a legal nor equitable interest. H would be necessary to decide, whether the Bank could, under any circumstances, deal in such paper, if the declaration did really aver that the suit was prosecuted in right of the Bank and for its use; but I cannot understand it to make such averment. The plaintiff styles himself cashier, and says, the action hath accrued, “ to the plaintiff, cashier aforesaidbut surely, this is not stating, that the right, either legal or equitable, is in the Bank. It was *363 urged, that the declaration stated, that the notice was given, and the protest made, in behalf of the Bank. This is true; but I consider this as no part of the claim, or description of the claim, of the plaintiff. It is in truth, mere surplus-age; there being no need whatever, to state In the declaration, the protest of the note. Nor indeed, was there any use or necessity to protest the note at all, it being a common note, and not negotiable paper. The statement then, that it was protested in behalf of the Bank, (a thing in pais) does not make it a declaration in right of the Bank, or for its benefit. The true mode in which to have put this matter in issue, would have been to have pleaded it. But, upon a demurrer to this declaration, the-question cannot arise. Upon the whole, I think the demurrer was properly over-ruled.
The second point is, did the Judge err in refusing to permit the joint notes of Jenkins and Adams, to be set-off against the note executed to Adams singly ?
I had considered this question settled. Numerous cases might be cited from the English books, from the decisions of our sister States, and from the Federal Court, concurring una voce, in declaring that joint and separate demands, cannot be set-off against each other; and the decisions in our own Court, have been uniform and strong to the same point. Scott v. Trent; Armistead v. Butler; Ritchie and Wales v. Moor. Surely, these cases ought to be considered as leaving this point no longer open to question. The last case cited, was very elaborately argued, and, I have no doubt, carefully examined by the Court. The opening counsel, though contending very ably against the general doctrine, admitted, that “ if one plaintiff sue for a debt due to him individually, the defendant cannot set-off a debt due him from the plaintiff, and another jointly.” This is the very ease before the Court; and Judge Roane, delivering the opinion of the Court, says in the close of his remarks, “This view of the case is decisive of the question, unless in this action against a company, we are *364 authorised to allow a set-off of a debt due to an individual partner.' The law is too strongly settled in the negative, and has been too often recognised by this Court, to authorise us to do it, admitting that as an original question, it ought to have been settled otherwise, which the Court is by no means prepared to admit.”
A distinction, was attempted in the argument, between joint debts, and partnership debts. But, as none of the cases acknowledge such distinction; as no authority, or dictum even, was cited in support of it; and as I can see no difference in reason between the two cases; I am for abiding by the decisions; being always unwilling quieta movere.
I think the judgment should be affirmed.
The other Judges concurred, and the judgment was affirmed.*