Brockenbrough, J.
There was no reason why the defendants should not have been compelled to join in the demurrer to evidence. The evidence demurred to, was not plainly against the demurrant, and therefore does not come within the influence of the decisions of Thweatt v. Finch, 1 Wash. 217. Wroe v. Washington, Id. 357. and Dunbar v. Beale, 5 Munf. 24. The evidence though parol, was not loose and indeterminate, but explicit, and admitted of no variance. It was therefore, within the rule laid down by judge Roane, in Hyers v. Wood, 2 Call 574. I am of opinion, that the circuit court, in this case, very properly required the defendants to join in the demurrer.
Let us then look into the demurrer, and see whether the evidence adduced by the defendants, admitting it all to be true, was sufficient to support the issue joined between the parties. That issue was whether the debt *84 had been paid. The tender and refusal of money, is not sufficient proof of payment; 'but even in that, the proof was defective, for there was no legal tender. Nor was the reason assigned by Buckner, for refusing to receive the money, proof of an acknowledgment that he had been paid the debt. He said, that he was then indebted to the other defendant, Street, in a larger amount. The most that could be made of it was, that one of the defendants, Street, had a set-off if he chose so to consider it, against the debt, to a larger amount than the plaintiff’s demand against the two obligors. That was not a sufficient proof of payment. A set-off is not a payment; and to authorize a set-off to be given in evidence under the plea of payment, it is necessary^ under our statute, 1 Rev. Code, ch. 128. § 87. p. 510. that the defendant should file an account, stating distinctly the nature of his set-off, and the several items thereof. If this be not done, he is not entitled to prove his set-off. The evidence which was given, was, therefore, not sufficient to support the issue ha this case; which was, whether the debt was paid. Another objection is, that the set-off given in evidence, was of a debt due from the plaintiff to one of two joint and several obligors, which cannot be set off against the demand due from the two obligors. Porter v. Nekervis, 4 Rand. 359. Ritchie & al. v. Moore, 5 Munf. 396. Again; it was given in evidence that Buckner did not say that the debt between him and Street had been settled, nor was any settlement between them produced. It cannot be fairly inferred from Buckner's declaration, when he declined receiving the money, that he acknowledged, that a debt fixed and determined by an obligation, was paid off by an unsettled debt. I am of opinion, that the judgment of the circuit court should be affirmed.