Tucker, P.
Both the counts in the declaration are upon the plaintiff Townes’s own possession. In the first count, he states his possession of the slave as his own property; the declaration being filed in his name as curator and receiver of the hustings court of Petersburg in chancery. Those words, descriptive of the character in which he sued, may well be taken as surplusage; and the rather, as it is certainly true, that he could not maintain the action upon the ground of property, merely by reason of the authority vested in him as receiver. The case is much less strong than that of Porter v. Nekervis, 4 Rand. 359. where the words “ cashier of the farmers’ bank of Virginia,” attached to the plaintiff’s name, were considered as surplusage. The first count, therefore, is good. The second count declares on the plaintiff's possession as a fiduciary: and this count also is good. For a fiduciary who has possession and is deprived of it, has a right of action against the person detaining; because of his own obligation to restore it to the owner when lawfully demanded. The plaintiff', in this case, was a bailee liable to the court, or to the owner, for the slave of which he had suffered himself to be dispossessed; and, by reason of this liability, he might maintain detinue, to enable him to comply with his own obligations, whether express or implied; 1 Chitt. Plead. 118. 2 Wms. Saund. 47 a. b. c. d. note 1. *160 Roberts v. Wyatt, 2 Taunt. 268. It was argued, that this was a misjoinder of action. I do not think so. The plaintiff is the same in both counts; and though he claims the possession on two grounds, first on the ground of the right of property, and next of the mere right of possession, yet on each ground the claim is in his own right; and whether he succeed on one or the other count, the judgment must be precisely the same. Neither count sets forth a claim in auter droit; without which the objection is without foundation. 1 Chitt. Plead. 200. I am of opinion, that the judgment be affirmed.
The other judges concurred. Judgment affirmed.