COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Benton, Coleman,
     Willis, Elder, Bray, Annunziata, Overton, Bumgardner
     and Lemons
Argued at Richmond, Virginia


GARRETT E. GRAVES
                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2046-97-3       JUDGE NELSON T. OVERTON
                                    JANUARY 12, 1999
COMMONWEALTH OF VIRGINIA


                UPON A REHEARING EN BANC

        FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                William L. Wellons, Judge

        Buddy A. Ward, Public Defender (Office of the
        Public Defender, on brief), for appellant.

        Robert H. Anderson, III, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Garrett Graves (defendant) was convicted of possession of a

controlled substance, in violation of Code § 18.2-250, by the

Circuit Court of Halifax County.  He appealed, contending that

the evidence was insufficient to support his conviction.  A panel

of this Court held the evidence to be insufficient and reversed

the judgment of the trial court.  See Graves v. Commonwealth,

Record No. 2046-97-2 (Va. Ct. App. June 16, 1998).  We stayed the

mandate of that decision and granted a rehearing en banc.  Upon

rehearing en banc, we affirm the judgment of the trial court.

     "An appellate court must discard all evidence of the accused

that conflicts with that of the Commonwealth and regard as true

_____

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom." Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993). So viewed, the evidence adduced at trial revealed that on December 6, 1996, Officer Keith Tribble of the Halifax County Sheriff's Department stopped a car driven by defendant because the car had an inoperable headlight. Defendant was the only occupant of the vehicle. Officer Tribble talked with defendant, read him his Miranda warnings and arrested defendant for driving while intoxicated and without an operator's license.

Defendant told Officer Tribble that the car belonged to defendant, he had cleaned the car earlier that evening and he previously had two passengers in the car. The car, however, was registered to defendant's sister. Pursuant to the arrest, Officer Tribble searched the car and found a bag which contained a perforated beer can. The bag was located on the floor of the front passenger's side of the car. The beer can was modified so that it could be used to smoke cocaine and, in fact, cocaine residue was visible on the can. A laboratory analysis later confirmed the presence of cocaine. Officer Tribble also retrieved several small, white chunks from the center console of the car. A laboratory confirmed that these were cocaine. After the car was towed to the police station an inventory search was performed which uncovered another can underneath the driver's front seat, modified in a similar manner to the first.

The decision of the trial court shall be affirmed unless it is plainly wrong or without support in the evidence. See Brown v. Commonwealth, 5 Va. App. 489, 491, 360 S.E.2d 719, 721 (1988). For a conviction of possession of a controlled substance to stand, the Commonwealth needed to prove defendant either actually or constructively possessed the substance. See White v. Commonwealth, 24 Va. App. 446, 452, 482 S.E.2d 876, 879 (1997). Because the Commonwealth concedes that the conviction is grounded in a constructive possession theory, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). The fact that the cocaine was found in a vehicle occupied by defendant does not create the presumption he possessed the drug, but is only one of the circumstances which we must consider. See Code § 18.2-250; Hardy v. Commonwealth, 17 Va. App. 677, 682, 440 S.E.2d 434, 437 (1994).

We hold that the evidence presented at trial, taken in the proper light of appellate review, supports the conviction. Defendant was the sole occupant of the vehicle. The only evidence to the contrary comes from his own statements, which the trial court was entitled to find incredible. Cocaine and drug use paraphernalia were found in the car. The cocaine rocks were

in plain sight and within inches of defendant's seat when he was stopped. Finally, defendant testified he cleaned the car earlier in the evening, bolstering the evidence that he was familiar with the incriminating items contained therein.

In cases such as this, where the Commonwealth lacks direct evidence of guilt and must prove the case by circumstantial evidence, the facts must exclude "every reasonable hypothesis of innocence." Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 421 (1994). Yet such hypotheses must flow from the evidence and not result from speculation by the parties or the court. See Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). When such a hypothesis has been rejected by the trial court, as it was in this case, that rejection is a finding of fact, binding on appeal. See Brown, 5 Va. App. at 491, 360 S.E.2d at 721. The hypothesis that a previous passenger left the cocaine in the car without defendant's knowledge was rejected by the trial court, not supported by the evidence, and we may not resurrect it on appeal. All the facts cognizable by this Court fully support the inference that defendant controlled the car he was driving and knew of the cocaine and cocaine smoking devices contained therein.

Because the evidence was sufficient to support defendant's conviction, the conviction is affirmed.

Affirmed.

- 4 -

Elder, J., with whom Benton, J., joins, dissenting.

I respectfully dissent for the reasons stated in the memorandum opinion of the panel. See <u>Graves v. Commonwealth</u>, Record No. 2046-97-2 (Va. Ct. App. June 16, 1998).