COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judge Annunziata and
        Senior Judge Coleman
Argued at Richmond, Virginia


CALVIN AUSTIN HARGROVE
                                   MEMORANDUM OPINION[*] BY
v.   Record No. 2084-00-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        FEBRUARY 19, 2002
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      James A. Cales, Jr., Judge

         Barrett R. Richardson (Richardson &
         Rosenberg, LLC, on brief), for appellant.

         Stephen R. McCullough, Assistant Attorney
         General (Mark L. Earley, Attorney General;
         Shelly R. James, Assistant Attorney General,
         on brief), for appellee.


     Calvin Austin Hargrove (appellant) contends the evidence in

his bench trial was insufficient to convict him of possession of

cocaine with intent to distribute in violation of

Code § 18.2-248.  For the following reasons, we affirm the

judgment of the trial court.

                         I.  BACKGROUND

     Under familiar principles of appellate review, we examine the

evidence in the light most favorable to the Commonwealth, the

prevailing party below, granting to it all reasonable inferences

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on January 5, 1995, at approximately 4:30 p.m., Officers Francis Natal (Natal) and Judd Robinson (Robinson) saw appellant standing with another man in the 900 block of County Street, Portsmouth, Virginia. They "drove right up to them" in an unmarked police vehicle and when they were approximately five to ten feet away, the two individuals turned around and walked away.  While appellant walked, he made a "motion" with his right hand, opened it, and a clear plastic baggie fell out of his hand.  Natal ran up to the location where appellant dropped the bag and picked it up.  He saw numerous rocks which he believed were crack cocaine.  Natal yelled to Robinson "I've got the dope," and appellant began to run.  Natal and Robinson stopped and arrested appellant shortly thereafter.  In a search incident to the arrest, the officers found a working pager and $370 in U.S. currency.  An analysis of the substance in the bag revealed that the off-white solid material was 8.2 grams of cocaine, an amount of drugs described by an expert as inconsistent with personal use.

At trial, Natal testified that he knew appellant "on the street" before January 5, but he had no personal contact with him.  He also stated that it was "broad daylight" at the time he saw appellant drop the plastic bag and attempt to flee.

Appellant testified that he had never been convicted of a felony or any crime involving dishonesty or theft. He claimed that on January 5, he stopped at a store to get his pager repaired and was walking from that store with four other individuals. He stated that he did not know that the police officers were approaching and ran because the others started to run. "Everybody just ran. I knew there was a lot of stuff going on in the area as far as a lot of people getting hurt around that park, I was – so I just ran, my first reaction." He denied ever having the drugs in his possession.

## II. STANDARD OF REVIEW

In reviewing sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42, cert. denied, 502 U.S. 944 (1991).

"[T]he trial court's judgment will not be set aside unless plainly wrong or without evidence to support it." Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).

## III. SUFFICIENCY OF THE EVIDENCE

Appellant argues that it "defies reason" that he would throw down narcotics in broad daylight in plain view of a police officer located five to ten feet away from him. Further, he maintains that because his version of the facts is not

- 3 -

inherently incredible, the Commonwealth failed to carry the burden of proof beyond a reasonable doubt.  We disagree.

"[P]ossession may be proved by evidence of acts, declarations, or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found."  Hardy v. Commonwealth, 17 Va. App. 677, 682, 440 S.E.2d 434, 437 (1994).

Here the evidence is sufficient to support the trial court's finding that appellant possessed cocaine with the intent to distribute.  Natal testified that he saw appellant from a distance of five to ten feet in "broad daylight" throw the package of cocaine to the ground.  This direct evidence contradicts appellant's denial that he was the person who discarded the drugs.  Credible evidence supports the trial court's determination.

> The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.  See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).  See also White v. Commonwealth, 25 Va. App. 662, 664, 492 S.E.2d 451, 452 (1997); Motley v. Commonwealth, 17

Va. App. 439, 440, 437 S.E.2d 232, 233 (1993); Collins v. Commonwealth, 13 Va. App. 177, 178, 409 S.E.2d 175, 175 (1991). Thus, appellant's contention that it "defies reason" that he would drop the drugs in the presence of the police is without merit.

Additionally, appellant's flight can also be considered in determining whether he possessed the drugs.

"Although flight alone may not supply sufficient reason to suspect a person of criminal activity, it may otherwise color apparently innocent conduct and, under appropriate circumstances, give rise to reasonable suspicion of criminal activity." Buck v. Commonwealth, 20 Va. App. 298, 303, 456 S.E.2d 534, 536 (1995).

> Headlong flight -- wherever it occurs -- is the consummate act of evasion: it is not necessarily indicative of wrongdoing, but it is certainly suggestive of such. In reviewing the propriety of an officer's conduct, courts do not have available empirical studies dealing with inferences drawn from suspicious behavior, and we cannot reasonably demand scientific certainty from judges or law enforcement officers where none exists. Thus, the determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior.

Illinois v. Wardlow, 528 U.S. 119, 124-25 (2000).

## IV. CONCLUSION

Credible evidence supports the trial court's finding that the evidence was sufficient to convict appellant of possession

- 5 -

with intent to distribute cocaine.  Natal saw appellant drop the bag of drugs in broad daylight.  He retrieved the drugs from the location where appellant dropped them and arrested him after his flight from the scene.  The trial court was not required to believe appellant's version of the events and could conclude that he was lying to conceal his guilt.

For these reasons, we affirm the trial court.

<u>Affirmed.</u>