COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


ANTHONY DRIUS AUSBY, S/K/A
 ANTHONY DARIUS AUSBY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2541-01-1         JUDGE WILLIAM H. HODGES
                                         OCTOBER 8, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                   E. Preston Grissom, Judge

        Charles B. Lustig, Assistant Public Defender
        (Brenda C. Spry, Deputy Public Defender, on
        brief), for appellant.

        Susan M. Harris, Assistant Attorney General
        (Jerry W. Kilgore, Attorney General, on
        brief), for appellee.


    Anthony D. Ausby appeals his bench trial conviction for

possession of cocaine. He argues the evidence was insufficient to

support his conviction. Ausby contends the Commonwealth failed to

establish he knowingly or intentionally possessed the contraband

as required by Code § 18.2-250. For the reasons that follow, we

disagree and affirm his conviction.

                        BACKGROUND

    "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).

So viewed, the evidence proved that on April 25, 2001,

Officer David Hicks stopped Ausby for failing to obey a stop

sign.  As Ausby pulled over, Hicks saw him making frantic

motions toward the center of the vehicle.  Hicks approached the

car and spoke with Ausby, who told the officer he did not have

his driver's license with him.  Hicks returned to his vehicle

and issued Ausby a summons for the traffic infraction.  He again

observed Ausby making motions toward the center of the vehicle,

near the seat belt harness.  Hicks asked Ausby for permission to

search the car, which Ausby granted.  Inside the car, between

the driver's seat and the seat belt harness, Hicks located a

small glass smoking device which later tested positive for

cocaine.  Hicks also found a bag of crack cocaine and a heroin

capsule in the backseat near where Ausby's back-seat passenger

had been sitting.

### ANALYSIS

"The Commonwealth may prove possession of a controlled

substance by showing either actual or constructive possession."

Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901,

904 (1998).

-

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted). "The Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the drugs . . . ." Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (en banc).

Hicks testified he saw Ausby making furtive movements near the center console of his vehicle, the same area where the officer later located the pipe. "Occupancy of a vehicle where drugs are found is insufficient, standing alone, to support an inference of possession, . . . but it is a circumstance which the fact finder may consider along with other evidence when determining whether a person knowingly possessed drugs." Hardy v. Commonwealth, 17 Va. App. 677, 682, 440 S.E.2d 434, 437 (1994). The cocaine pipe was between Ausby's seat and the seat belt harness in plain view and in close proximity to Ausby. The pipe was within the area of Ausby's immediate control, and the trial court logically inferred that he knew of its presence and that he intentionally and consciously possessed it. See Adkins

-

v. Commonwealth, 217 Va. 437, 438-39, 229 S.E.2d 869, 870 (1976).  The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of possession of cocaine.

Accordingly, we affirm the decision of the trial court.

Affirmed.