COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


DARYL THOMAS JOHNSON, JR.
                                    MEMORANDUM OPINION* BY
v.    Record No. 0806-02-3      JUDGE JEAN HARRISON CLEMENTS
                                         AUGUST 26, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                    Joseph W. Milam, Jr., Judge

            Gregory T. Casker for appellant.

            Amy Hay Schwab, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General; Susan M.
            Harris, Assistant Attorney General, on
            brief), for appellee.


     Daryl Thomas Johnson, Jr., (appellant) was convicted in a

bench trial of possession of cocaine with intent to distribute, in

violation of Code § 18.2-248.  On appeal, he contends the trial

court erred (1) in concluding the police's warrantless retrieval

of the rental minivan key from his pocket was lawful, (2) in

determining the rental company manager's consent to search the

minivan during the rental period was valid, (3) in deciding the

rental company manager was not acting as an agent of the

government, and (4) in finding the evidence sufficient to sustain

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

his conviction. For the reasons that follow, we affirm appellant's conviction.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

Ace Rental and Leasing Company (Ace Rental) rented a 1997 Dodge minivan to appellant on June 19, 2001, with a return date of June 25, 2001. According to the rental agreement, the customer must have a valid operator's license. The agreement further provided that a customer's providing false or fraudulent information in procuring the rental agreement would constitute a breach of the agreement, giving the company the "right to pick up the vehicle."

On the afternoon of June 21, 2001, Danville City Police Officer Marcus Alonzo Jones responded to a domestic disturbance call from Tia Rice, appellant's girlfriend, at 431 West Gay Street. Upon his arrival at the residence, Jones heard yelling coming from the basement and, upon going downstairs, saw appellant "straddling Ms. Rice with his hands around her neck area." Jones arrested appellant for domestic assault and battery. The officer took appellant to his patrol car and, in a search incident to the arrest, found approximately $1,250 in one of appellant's pants

-

pockets and approximately $550 in another pants pocket.  Jones also found a key.  Officer Jones then placed the money and key back in appellant's pocket.

Investigator Dennis L. Haley and Officer J.L. Perkins were in Rice's front yard as Jones searched appellant.  Haley was assigned to the Danville Police Department's drug and narcotics division and "had had many experiences" with appellant.  While working undercover two weeks earlier, Haley had pulled his car alongside appellant, who was driving a Chrysler Cyrus and wearing a white cotton "do-rag" on his head.  Haley ran the car's tag and discovered appellant was driving with a suspended license.  However, since Haley was "doing a different type of operation," he turned the information over to another officer.  On the day in question, Haley was on an unrelated assignment when he heard dispatch make a call concerning a domestic disturbance involving a suspect named "Juicy."  Knowing appellant had the nickname "Juice," Haley drove to the scene.

On seeing the key found in appellant's pocket by Officer Jones, Investigator Haley, who had recently purchased a Chrysler vehicle, recognized it as a Chrysler key because it was longer than usual, had a black rubber cover over the head, and had the Chrysler emblem imprinted on it.  The key was also attached to a yellow tag that had lines across it, which was consistent with the key Haley had for his Chrysler vehicle.  Investigator Haley looked around and saw a burgundy Chrysler minivan with temporary tags

-

parked in front of 431 West Gay Street. Haley then walked to Jones's patrol car and asked appellant for permission to search the minivan. Appellant refused to give consent. Tia Rice told Haley appellant had driven the minivan to her house. The investigator called in the minivan's temporary tags and found the minivan belonged to Ace Rental. He asked dispatch to determine the lessee's name and the status of appellant's driver's license.

On learning the minivan was leased to the appellant, and confirming appellant's license was still suspended, Investigator Haley called Phyllis McCubbins, the leasing manager for Ace Rental. Haley told McCubbins that appellant had a suspended operator's license. McCubbins confirmed that appellant's rental agreement was conditioned on appellant having a valid Virginia operator's license. She asked Haley to "hold the key and [Ace Rental] would send someone out to pick [the minivan] up." Haley asked McCubbins if he could come pick her up and bring her to the minivan in order to "expedite matters," and McCubbins consented.

Investigator Haley posted Detective Eddie Whitehead to watch the minivan while he was picking up McCubbins. Whitehead testified that nobody was in the minivan while Haley was away.

Before leaving to pick up McCubbins, Haley "went back to the patrol car and got the key [to the minivan] from [appellant]." He then drove to Ace Rental, picked up McCubbins, gave her the key, and returned with her to 431 West Gay Street. Upon arriving at the minivan, McCubbins "repossessed the vehicle" because appellant

-

"did not have a valid driver's license." Asked by Haley for permission to search the vehicle, McCubbins "gave consent to search." She executed a consent to search form and "handed [Haley] the key back." After conducting a search of the vehicle, Haley gave the key back to McCubbins, who drove the minivan back to Ace Rental.

Inside the minivan, Haley found ten "off-white rocks" of crack cocaine, wrapped in an Amoco receipt, lodged in a recessed area of the door handle on the driver's side door. The receipt pertained to repair work for the same Chrysler Cyrus Haley had seen appellant driving two weeks before. Haley also found a white cotton "do-rag" in the minivan of "the same type" he had seen appellant wearing in the Cyrus two weeks before. Inside the center console of the minivan, the police found a set of digital scales with cocaine residue on it. The minivan's glove box contained a pink copy of Ace Rental's rental agreement for the minivan, endorsed by appellant. Underneath the agreement was a Crown Royal bag with more crack cocaine and $1,086 in cash inside. In total, 87.45 grams of cocaine, having an approximate street value of "eighty-seven hundred dollars and change," were found in the minivan. No fingerprints were found.

The trial court denied appellant's motion to suppress the warrantless retrieval of the minivan key from his pocket and the cocaine subsequently found in the minivan. The appellant presented no evidence. The trial court found appellant guilty of

-

possession of cocaine with intent to distribute.  This appeal
followed.

## II.  MOTION TO SUPPRESS

On appeal from a trial court's denial of a motion to
suppress, the burden is on the appellant to show that the denial
of the motion constituted reversible error.  See Fore v.
Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).  In
reviewing such a denial, we consider the evidence in the light
most favorable to the Commonwealth, granting to the Commonwealth
all reasonable inferences fairly deducible from the evidence.
E.g., Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407
S.E.2d 47, 48 (1991).

Appellant concedes that Officer Jones's search of his person
incident to his arrest for domestic assault and battery was
lawful.  He argues, however, that Investigator Haley's subsequent
search of his person and retrieval of the key from his pocket
necessitated a warrant.  This argument is unsupported by any
citation to controlling legal authority that supports appellant's
position.  We have repeatedly said that "[w]e do not deem it our
function . . . to ferret-out for ourselves the validity of [such]
claims."  Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d
615, 625 n.7 (1988) (en banc).  As we stated in Buchanan v.
Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992),
"[s]tatements unsupported by argument, authority, or citations to
the record do not merit appellate consideration."  See also

-

Theismann v. Theismann, 22 Va. App. 557, 572, 471 S.E.2d 809, 816, aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996) (declining to address an argument on appeal that was inadequately developed in appellant's brief). Appellant's claim of trial court error does not warrant appellate consideration and we, therefore, will not address it on appeal.

Appellant next contends the rental company manager's consent to search the minivan during the rental period was contrary to his expectation of privacy and, thus, invalid. He argues the manager had no control over the minivan during the rental period and did not have authority to give police consent to search it. Once he refused to give consent to search the minivan, appellant argues, Investigator Haley's contacting the rental company's manager and initiating the "repossession" of the minivan was a ruse to circumvent his Fourth Amendment right to a reasonable expectation of privacy created by the rental agreement. We disagree.

A bailee has standing and may object to a warrantless search of a vehicle in which he has a temporary possessory interest and expectation of privacy. Hardy v. Commonwealth, 17 Va. App. 677, 681, 440 S.E.2d 434, 437 (1994). However, "[a] warrantless search of a motor vehicle without probable cause may nevertheless be valid as a consent search, provided that the person who consents has actual authority to do so." Id. The owner's property right is "'superior' to the bailee's temporary possessory right and expectations of privacy in the vehicle." Id. (quoting Anderson v.

-

United States, 399 F.2d 753, 756 (10th Cir. 1968)).  "An owner of a motor vehicle may consent to a search of the vehicle over a bailee's objections if, at the time of the consent, the owner 'was either in possession or entitled to possession' of the vehicle." Id. (quoting Anderson, 399 F.2d at 756-57).

Although appellant had a possessory interest and, thus, an expectation of privacy in the minivan by virtue of the rental agreement with the minivan's owner, Ace Rental, the Commonwealth's evidence established this interest was conditioned upon appellant having a valid Virginia operator's license.  Investigator Haley testified that appellant's operator's license was suspended.  Upon being advised by police that appellant did not possess a valid Virginia operator's license, McCubbins, Ace Rental's manager, concluded that appellant was in breach of the terms of his rental agreement and Ace Rental was entitled to reclaim possession of the minivan.  McCubbins repossessed the minivan and consented to the warrantless search of it by the police.  At that point, appellant's expectation of privacy was subordinate to the owner's right to reclaim possession of the minivan and his objection to the search was immaterial.  Accordingly, the search of the minivan was valid "because the owner-bailor of the vehicle consented to the search."  Id.

Appellant next argues that McCubbins acted as an agent of the government and, therefore, her consent to a search of the minivan was invalid.  Like appellant's first argument, this argument is

-

also unsupported by any citation to controlling legal authority that supports appellant's position. Hence, appellant's claim of trial court error does not warrant appellate consideration and we will not address it on appeal. Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239; Theismann, 22 Va. App. at 572, 471 S.E.2d at 816.

Accordingly, the trial court did not err in denying appellant's motion to suppress the evidence.

### III.  SUFFICIENCY OF THE EVIDENCE

Appellant contends the Commonwealth's evidence was insufficient to prove he constructively possessed the cocaine found in the minivan parked on the street. He argues there was no evidence placing him in the minivan. Alternatively, he asserts that, even if there was evidence to place him in the minivan at some time, the mere fact of ownership or occupancy is insufficient to prove he knowingly or intentionally possessed the cocaine.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1997). We will not disturb the conviction unless it is plainly wrong or unsupported by the evidence. Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985). "The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination."

-

Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999).

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998). "[P]roof of actual possession is not required; proof of constructive possession will suffice." Id. at 426, 497 S.E.2d at 872.

Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and the character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). Occupancy or ownership of the premises where the illegal drug is found is a factor that may be considered in deciding whether the accused was in possession of the illegal drug. See Walton, 255 Va. at 426, 497 S.E.2d at 871. Thus, in resolving the issue of constructive possession, "the Court must consider 'the totality of the circumstances disclosed by the evidence.'" Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997) (quoting Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979)).

-

Circumstantial evidence is "competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)).

Here, the evidence established that Tia Rice, appellant's girlfriend, told Investigator Haley that appellant had driven the minivan to her house. It was parked on the street in front of her house. When Officer Jones searched appellant, he recovered a key to the minivan and $1,800 in appellant's pants pockets. No one else occupied the minivan from the time of appellant's arrest until the time it was searched. Inside the minivan, in a recessed area on the driver's side door, Investigator Haley found cocaine wrapped in a receipt for repair work on the same vehicle Haley had seen appellant driving two weeks earlier. Haley also found a "do-rag" of "the same type" appellant had been wearing when he saw him two weeks earlier. Inside the center console of the minivan, the police found a set of digital scales with cocaine residue on it. In the minivan's glove compartment, the police found a copy

-

of the vehicle's rental agreement, which was endorsed by appellant. Underneath that agreement, the police found a Crown Royal bag with more cocaine and $1,086 inside. In total, the police found 87.45 grams of cocaine valued at nearly $8,700 in the minivan.

Viewed in the light most favorable to the Commonwealth, this evidence, considered in its totality, clearly supports the finding that appellant knew of the presence and character of the cocaine and that he intentionally and consciously possessed it. Hence, we hold that the evidence was sufficient to support appellant's conviction for possession of cocaine with intent to distribute.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

-