COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Elder and Beales
Argued by teleconference


GEORGE ANTHONY PATTERSON
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1567-05-2                      JUDGE RANDOLPH A. BEALES
                                                    AUGUST 8, 2006
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        Frederick G. Rockwell, III, Judge

            Keith A. Jones (Law Office of Keith A. Jones, P.C., on brief), for
            appellant.

            Kathleen B. Martin, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        George Anthony Patterson (hereinafter "appellant") appeals from his convictions by

bench trial of possession of marijuana and possession of a firearm by a felon.  In addition to

challenging the sufficiency of the evidence, appellant argues the trial court erred in finding that a

vehicle registration card was inadmissible hearsay.  Assuming without deciding that the trial

court erred in not admitting the registration card, we find such error harmless and affirm

appellant's convictions.

                                                I.

        "On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom." Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

───────────────

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

II.

FACTS

On June 3, 2004, a narcotics dog called in by Officer B.E. Davis gave a positive alert to appellant's car, which was parked in a restaurant lot. Approximately thirty minutes after the dog alerted, Davis observed appellant exit the restaurant, open the driver's door, and rummage through the front and back seats. Appellant got out of the car and opened the engine hood. As appellant began to look at the engine, Davis approached him and informed him of the dog's response. Davis asked appellant if he owned the car, and appellant stated it was his car.

Using the key, which appellant provided to him, Davis opened the car trunk and searched it. Inside he found a prescription bottle bearing appellant's name, several pieces of mail addressed to appellant, and several photographs of appellant. He also discovered a bank receipt in appellant's name. These items were scattered throughout the trunk, some of them on top of or touching a black and white Foot Locker bag that contained a pistol and two matching bullets. Another bag in the trunk held loose marijuana and a digital scale.

At trial, appellant attempted to introduce a copy of the vehicle's registration card to establish he was not the record owner of the vehicle. Appellant argued that the registration card fell within the public records exception to the hearsay rule. In sustaining the Commonwealth's objection, the trial court held that the registration card was "not a public record. . . . D.M.V. records may be, but the registration found in a car is hearsay."

The trial court found appellant guilty of both possession of marijuana and possession of a firearm by a felon. This appeal followed.

III.

ANALYSIS

A.

Appellant asserts the trial court erred in ruling that the registration card did not fall within the public records exception to the hearsay rule. We need not address the admissibility of the registration card because even if the trial court erred by failing to admit it, such error was harmless.[1]

From the record before us, "we can say 'with fair assurance, after pondering all that happened without stripping the [asserted] erroneous action from the whole' that it plainly appears that [appellant] has had a fair trial and that the verdict and judgment were not substantially affected by . . . [the failure of the trial court to admit the registration card into evidence]." Clay v. Commonwealth, 262 Va. 253, 261, 546 S.E.2d 728, 732 (2001) (citation omitted). See also Code § 8.01-678.

Here, the evidence showed not only that appellant possessed keys to the car, but that he opened the car door and checked under the hood before police approached him. Appellant was the sole occupant of the car and told police it belonged to him. In addition, several items in the trunk bore his name. Based upon this evidence, we conclude that admission of the registration card would not have "substantially influenced" the trial court's determination that appellant possessed the contraband in the trunk. See Hardy v. Commonwealth, 17 Va. App. 677, 440 S.E.2d 434 (1994) (appellant who was sole occupant of vehicle registered to brother-in-law

---

[1] Appellant, it may be noted, failed to make the excluded registration card a part of the record on appeal. "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Riddick v. Commonwealth, 135 Va. 724, 726, 115 S.E. 523, 524 (1923)).

- 3 -

properly found to be in possession of cocaine discovered in trunk).  Accordingly, any error committed by the trial court in excluding the card was harmless.

B.

We also reject appellant's claim that the evidence was insufficient to support his convictions for possession of a firearm and possession of marijuana.

"Constructive 'possession may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found.'"  Hardy, 17 Va. App. at 682, 440 S.E.2d at 437 (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975) (additional citations omitted)).  Moreover, the substance in question must be "'subject to his dominion and control.'"  Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  "In resolving this issue, the court must consider 'the totality of the circumstances disclosed by the evidence.'"  Id. (quoting Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979)).

While "[o]ccupancy of a vehicle where [contraband is] found is insufficient, standing alone, to support an inference of possession, . . . it is a circumstance which the fact finder may consider along with other evidence when determining whether a person knowingly possessed drugs."  Hardy, 17 Va. App. at 682, 440 S.E.2d at 437 (citations omitted).  Moreover, "[a]lthough mere proximity to drugs is insufficient to establish possession, it is a circumstance which may be probative in determining whether an accused possessed such drugs."  Glasco, 26 Va. App. at 774, 497 S.E.2d at 155.  Finally, possession "need not always be exclusive.  The defendant may share it with one or more."  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (*en banc*) (quoting Gillis v. Commonwealth, 215 Va. 298, 301-02, 208 S.E.2d 768, 771 (1974)).

- 4 -

Appellant concedes that he had dominion and control over the vehicle, but contends that the evidence was insufficient because the Commonwealth presented no evidence to prove he had handled the contraband or had sole access to the car.

> Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). This Court must determine not whether there is some evidence to support [appellant's] hypothesis of innocence but, rather, whether a reasonable fact finder, upon consideration of all the evidence, could have rejected appellant's theories and found him guilty beyond a reasonable doubt. Whether a hypothesis of innocence is reasonable is a question of fact.

Corbin v. Commonwealth, 44 Va. App. 196, 202-03, 604 S.E.2d 111, 114 (2004) (citations omitted).

Here, we cannot say that the fact finder's rejection of appellant's hypothesis of innocence was unreasonable. Examining the "totality of the circumstances," the fact finder could reasonably conclude that appellant was aware of the marijuana and gun and that they were subject to his dominion and control. Davis saw appellant open the car, rummage through the interior compartment, and examine the engine, presumably for purposes of maintenance and repair. See Logan v. Commonwealth, 19 Va. App. 437, 444-45, 452 S.E.2d 364, 369 (1994) (defendant's acknowledged responsibility for repair work a factor in determining car was subject to his dominion and control). When Davis approached appellant, he told Davis the car belonged to him and produced a set of keys. See Jetter v. Commonwealth, 17 Va. App. 745, 747, 440 S.E.2d 633, 634 (1994) (defendant's possession of car keys to vehicle where drugs are found is "significant evidence" from which it can be inferred the drugs are "subject to his dominion and control"). The trunk contained photographs of appellant, as well as sundry items bearing his name, including a magazine placed directly on top of the Foot Locker bag containing the gun.

Such evidence, when viewed as a whole, was sufficient to establish beyond a reasonable doubt that appellant possessed the gun and marijuana.

IV.

For the foregoing reasons, we hold that, even if the trial court erred by excluding the vehicle registration card, such error was harmless, and the trial court had sufficient evidence upon which to base the convictions.  The judgment of the trial court is, therefore, affirmed.

Affirmed.